## Commonwealth ex rel. McNeair v. Banmiller

*Joseph McNeair*, p. p., for petitioner.

*Juanita K. Stout*, Assistant District Attorney, and *Victor H. Blanc*, District Attorney, contra.

SLOANE, J., May 16, 1957.—Matters not raised below cannot be invoked on appeal unless the matter involves that degree of error so fundamental as to vitiate the whole proceeding below: Commonwealth v. Schultz, 170 Pa. Superior Ct. 504, cert. den. 344 U. S. 868. In this petition for a writ of habeas corpus, relator would have us go one step further. He would have us consider in this petition allegations of error which could not be raised even through appeal.

Relator contends that his insanity at the time of the undenied homicide, and at trial, render his imprisonment illegal. This is the first time that insanity has been raised in this case. It is, of course, a recognized defense in this jurisdiction (Commonwealth v. Mosler, 4 Pa. 264, as reaffirmed in Commonwealth v. Moon, 383 Pa. 18)), but one which may be asserted at trial. A petition for habeas corpus is not the place to dispose of this question. Relator is late.

Relator further complains of the trial court's admission into evidence of a prior conviction of defendant. For this question the legislature has provided a ready answer. Evidence of prior convictions is admissible in first degree murder prosecutions in order not to determine guilt or innocence but as an aid to the jury in fixing their penalty at life or death: Act of May 14, 1925, P. L. 759; Commonwealth v. Cannon, 386 Pa. 62, cert. den. 352 U. S. 898. The court below properly instructed the jury as to the purpose of the offered proof, and as to the limit of purpose the law places on the jury's consideration of a prior conviction.

This petition presents the common allegation that court-appointed counsel was incompetent in the conduct of the defense. The merit or failing of this complaint must stand on the record: United States v. Wight, 176 F. 2d 376, cert. den. 338 U. S. 950; Commonwealth ex rel. Smilley v. Claudy, 172 Pa. Superior Ct. 247. See also Commonwealth ex rel. Carey v. Prison Keeper, 370 Pa. 604. The testimony of relator's trial shows to the contrary, that counsel was vigorous in his effort to reduce the crime to murder in the second degree.

And so did the prosecutor fairly and ably present the evidence. This dismisses another of relator's allegations of error, the antagonism of the trial assistant district attorney. The record fails to disclose this.

Relator had a fair trial. The court's charge was an unbiased exposition of the law involved. The record discloses no errors so fundamental as to warrant the granting of this petition.

Petition denied.