**UNITED STATES of America ex rel. Hannibal RUSSELL, Petitioner,**

v.

**A. C. CAVELL, Superintendent, State Correctional Institution at Rockview, Bellefonte, Pennsylvania, Respondent.**

**No. 776.**

United States District Court
M. D. Pennsylvania.
Aug. 22, 1966.

preliminary hearing and (3) That he was convicted on perjured testimony.

On March 29, 1963, petitioner and three co-defendants were given a preliminary hearing before a Magistrate on the charges of burglary, larceny, receiving stolen goods and conspiracy. The only thing that petitioner stated at the time was: "I don't know anything about a burglary." (Transcript of Preliminary Hearing, p. 10.) On April 24, 1963, a true bill was returned against the petitioner and his three co-defendants on the said charges. Petitioner and two co-defendants, Bass and Presbery, were tried from April 29, 1964 through May 4, 1964 and were convicted on all bills charging burglary and larceny. On August 27, 1964, petitioner was sentenced to two consecutive sentences of imprisonment for two and one-half to five years on bills 1483 and 1484. Sentence on the other bills was suspended. The sentence became effective on March 6, 1965. Thus, petitioner's minimum sentence will expire on March 6, 1970 and the maximum sentence will expire on March 6, 1975.

Russell filed a petition for writ of habeas corpus on the same grounds in the Court of Common Pleas, Philadelphia County, Pennsylvania, on May 3, 1965. The petition was denied on July 26, 1965. The Pennsylvania Superior Court affirmed the denial. Commonwealth ex rel. Russell v. Cavell, 207 Pa.Super. 740, 216 A.2d 106 (1966). The Pennsylvania Supreme Court denied allocatur. Russell has exhausted his available state remedies.

In the instant case, Rule to Show Cause issued, Answers were received from the Respondent and the District Attorney of Philadelphia County, Pennsylvania, a Traverse was filed by the petitioner and this Court has had the benefit of the records of the state criminal proceedings and the state habeas corpus proceedings.

The first ground which petitioner raises is that he was denied due process and equal protection of the laws. There

Hannibal Russell, pro se.

Arlen Specter, Dist. Atty., Michael J. Rotko, Asst. Dist. Atty., Philadelphia County, Philadelphia, Pa., for respondent.

MEMORANDUM

FOLLMER, District Judge.

Hannibal Russell, an inmate at the State Correctional Institution, Bellefonte, Pennsylvania, has filed a petition for writ of habeas corpus, in forma pauperis, in this Court. The grounds on which petitioner bases his allegations that he is being held in custody unlawfully are as follows: (1) That he was denied due process and equal protection of the laws, (2) That he was denied counsel at his

are no other facts alleged in this regard. Such a conclusory statement is meritless.

■ The second ground is that petitioner was denied assistance of counsel at the preliminary hearing. He did have counsel at his arraignment, trial and sentencing. The Pennsylvania Supreme Court has held that ordinarily the preliminary hearing is not a critical stage in Pennsylvania criminal proceedings. Commonwealth ex rel. Lofton v. Russell, 418 Pa. 517, 519, 211 A.2d 427 (1965). Petitioner entered a plea of not guilty at the preliminary hearing. Nothing that occurred at the preliminary hearing was introduced into evidence nor in any way affected the subsequent proceedings, thus showing the preliminary hearing was not a critical stage here. Commonwealth ex rel. Mullenaux v. Myers, 421 Pa. 61, 217 A.2d 730 (1966). There were no events which transpired which were likely to prejudice the trial and there is no showing of any deprivation of petitioner's constitutional rights in this regard. Commonwealth of Pa. ex rel. Whiting v. Cavell, 244 F.Supp. 560, 569–570 (M.D. Pa.1965); United States ex rel. Parker v. Myers, 233 F.Supp. 563 (E.D.Pa.1964), aff'd. 341 F.2d 303 (3d Cir. 1965). Russell's allegations as to his co-defendants in this regard are meritless.

The final ground alleged by petitioner is that he was convicted by perjured testimony. A brief look at the allegations behind this assertion will clarify the situation.

Petitioner was indicted along with three co-defendants namely Chester, Bass, and Presbery. Chester was tried separately, and on November 18, 1963, was convicted of receiving stolen goods. During his trial, a confession, signed by Chester, was introduced, which confession he attempted to repudiate.

■ However, Chester was the Commonwealth's chief witness during the subsequent trial of petitioner, Bass and Presbery. Chester's change from claiming innocence at his trial to that of guilt at petitioner's trial is what leads petitioner to claim he was convicted on perjured testimony.

"Before a sentence may be vacated on the ground of perjured testimony, the movant must show that the testimony was perjured and that the prosecuting officials knew at the time such testimony was used that it was perjured. Black v. United States, 269 F.2d 38 (9th Cir. 1959)." Marcella v. United States, 344 F.2d 876, 880 (9th Cir. 1965), cert. denied 382 U.S. 1016, 86 S.Ct. 630, 15 L.Ed.2d 531 (1966).

■ Any proof that petitioner had to the effect that perjured testimony was being used against him could have been and was put into evidence. The facts surrounding Chester's previous trial were pointed out to the jury. (N.T. pp. 32–34.) Chester was thoroughly cross-examined concerning the testimony he gave at his trial, and the trial judge carefully charged the jury as to Chester's recantation, his possible motivation and accomplice testimony. (N.T. pp. 264–265, 273–275, 278–280, 284.) It is the jury's duty to determine what testimony is believable and to reconcile inconsistent and conflicting testimony. The jury did this and found the petitioner guilty. It is not the function of a habeas corpus proceeding to retry the case. See United States ex rel. Helwig v. Cavell, 171 F. Supp. 417 (W.D.Pa.1959), aff'd, United States ex rel. Helwig v. Maroney, 271 F. 2d 329 (3d Cir. 1959), cert. denied, 362 U.S. 954, 80 S.Ct. 870, 4 L.Ed.2d 872 (1960), rehearing denied, 362 U.S. 992, 80 S.Ct. 1080, 4 L.Ed.2d 1024 (1960). Moreover, there is no showing that the testimony given by Chester at the trial would be any different now. Chester was competent to testify in the criminal proceedings and the petitioner's rights were protected.

■ Additionally, even if it is assumed that perjury existed, there is a complete failure in showing that there was a knowing and intentional use of perjury by the prosecution. The petitioner has the burden of showing knowledge by the prosecution at the time the testimony was used that it was perjured. Holt v. United States, 303 F.2d 791, 794 (8th Cir. 1962), cert. denied, 372 U.S. 970,

83 S.Ct. 1095, 10 L.Ed.2d 132 (1963). The mere fact that Chester had given a different version at his trial does not show that the prosecution had knowledge that the testimony was perjured.

The entire petition shows that none of petitioner's constitutional rights were violated. It does appear that he is still quite upset about the fact that one of his co-defendants testified against him, but this is certainly not enough to invoke habeas corpus relief.

Accordingly, the petition for writ of habeas corpus will be denied and the petitioner's request for appointment of counsel will be denied.