## Commonwealth *v.* Goslee, Appellant.

Argued April 12, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*James A. Caldwell*, for appellant.

*Kenneth E. Fox, Jr.*, District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, June 2, 1967:
Order affirmed.

———

DISSENTING OPINION BY HOFFMAN, J.:
I dissent.

Appellant was tried and convicted, before a jury, on charges of burglary, larceny, and receiving stolen goods.

The evidence adduced at appellant's trial was seized from his apartment in a search conducted without a warrant. Before this Court, the Commonwealth seeks to justify the search of the apartment as "incident to a lawful arrest." In my view, however, appellant's arrest was itself unlawful, as not based on "probable cause," and the search was therefore illegal.

The law is clear that a police officer may arrest without a warrant where he has knowledge of facts and circumstances sufficient to warrant a man of reasonable caution in believing that a certain individual has committed a felony. *Commonwealth ex rel. McNeair v. Rundle*, 416 Pa. 301, 206 A. 2d 329 (1965). In this case, the arresting officer knew only that appellant, who had a criminal record, had been seen in the vicinity where the crime was committed. The "vicinity of the crime," however, was a busy intersection, and the appellant, as the arresting officer knew, was often seen there, visiting his mother who lived close by.

In these circumstances, it seems clear that the officer acted on "mere suspicion" only. Mere suspicion is inadequate to support an arrest without a warrant. *Commonwealth v. Bosurgi*, 411 Pa. 56, 190 A. 2d 304 (1963).

I would reverse.

MONTGOMERY, J., joins in this dissenting opinion.