UNITED STATES of America ex rel.
Charles **FLOWERS**

v.

A. T. **RUNDLE**, Superintendent.

Civ. A. No. 70–1446.

United States District Court,
E. D. Pennsylvania.

July 21, 1970.

## OPINION

LUONGO, District Judge.

In this petition for writ of habeas corpus, Charles Flowers seeks to overturn his state conviction for statutory rape and for corrupting the morals of a minor (Bill Nos. 1171–1172, October Term 1965, Court of Quarter Sessions, County of Philadelphia). Relator alleges the following violations of his constitutional rights: (1) the trial court lacked subject matter jurisdiction under the Pennsylvania Constitution; (2) the evidence was insufficient to support the verdict; and (3) the arrest was unlawful.

Relator has exhausted his state remedies. I have reviewed the state court records in this matter, and have concluded that the claims of constitutional violations may be disposed of on the state record without an evidentiary hearing in this court. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

On September 29, 1965, relator invited a twelve year old girl to come to his apartment to cook dinner for him. The girl knew Flowers as a friend of her mother's and accepted the invitation. After dinner, Flowers left the apartment. While he was out, the girl laid down on the bed to rest and removed her outer garments. After a few minutes Flowers returned to the apartment, laid down in the bed next to the girl, and had intercourse with her.

In response to an anonymous phone call, two police officers went to Flowers' apartment at about 10:00 p. m. After they were admitted by Flowers, the police officers observed the girl in a state of near nudity. The officers then arrested Flowers.[1]

(1) *Jurisdiction of the Court.*

At the time of trial (June 3, 1966), the presiding judge, the Honorable Gregory Lagakos, was a judge of the County Court of Philadelphia (now merged in the Court of Common Pleas by the Pennsylvania Constitution of 1968). Relator contends that the County Court lacked jurisdiction to try criminal cases, and therefore his conviction must be set aside.

■ Habeas corpus is an appropriate remedy to attack the jurisdiction of a court which entered a judgment of conviction. See Bowen v. Johnston, 306 U.S. 19, 59 S.Ct. 442, 83 L.Ed. 455 (1939); Potter v. Dowd, 146 F.2d 244 (7th Cir. 1944). Whether a state court has subject matter jurisdiction over an offense, however, is a question of state law. It is clear that under Pennsylvania law the County Court of Philadelphia had jurisdiction to try the relator for the crimes he had allegedly committed. 17 P.S. § 694. See Commonwealth ex rel. Burton v. Baldi, 147 Pa.Super. 193, 24 A.2d 76 (1942); Commonwealth v. Weiner, 67 Pa.Super. 558 (1917). Since relator does not allege any violations of due process which would void the jurisdiction of the County Court, I conclude that he was tried and convicted by a court of competent jurisdiction, and hence, was not deprived of his constitutional rights.

(2) *Insufficiency of the Evidence.*

■■ Sufficiency of evidence is not a constitutional question and hence not cognizable in this court on a petition for writ of habeas corpus. United States ex rel. Cunningham v. Maroney, 397 F.2d 724 (3d Cir. 1968), cert. denied, 393 U. S. 1045, 89 S.Ct. 663, 21 L.Ed.2d 594 (1969). The question under the due process clause of the Fourteenth Amendment is whether there is any evidence to support the conviction. Thompson v. City of Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960).

■■ The principal evidence against relator was the testimony of the young girl. The girl's testimony, although at times hesitantly and perhaps reluctantly

---

1. All facts regarding the conduct of the police and their apprehension of Flowers were stipulated to by counsel at trial.

given, clearly established the crimes of statutory rape (18 P.S. § 4721) and corrupting the morals of a minor (18 P.S. § 4532). See Commonwealth v. Boulden, 179 Pa.Super. 328, 116 A.2d 867 (1955); Commonwealth v. Ebert, 146 Pa.Super. 362, 22 A.2d 610 (1941). There was other evidence which corroborated, in part, the girl's testimony. Since there was some evidence tending to prove each element of the crimes, relator's convictions were not obtained in violation of due process of law.

### (3) Arrest.

Flowers contends that his arrest was unlawful because the police lacked probable cause to make it.

Under Pennsylvania law, an arrest without a warrant is valid only if the arresting officers have reasonable grounds to believe that the accused has committed a felony [Commonwealth ex rel. McNeair v. Rundle, 416 Pa. 301, 206 A.2d 329 (1965)], or, in the case of a misdemeanor, if the offense is committed in the officers' presence. Commonwealth v. Calvarese, 199 Pa.Super. 319, 185 A.2d 657 (1962).

Federal constitutional law permits an arrest without a warrant only where the arresting officers have probable cause to make the arrest, that is, whenever "the facts and circumstances within [the arresting officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." Beck v. Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964); Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949).

When the police initially knocked on relator's door late in the evening of September 29, 1965, they lacked probable cause to make an arrest. Relator conceded at trial, however, that he admitted the police officers into his apartment. When they entered, they saw an obviously underage girl, virtually nude, in a man's apartment late in the evening. Under such circumstances, the police had reason to believe that a felony (statutory rape) had been or was about to be committed, or that a misdemeanor (corrupting the morals of a minor) was being committed in their presence.

Assuming *arguendo* that relator's arrest was unlawful, the conviction is still valid. An unlawful arrest does not vitiate an otherwise valid conviction. Abraham v. Wainwright, 407 F.2d 826 (5th Cir. 1969); United States ex rel. Orsini v. Reincke, 286 F.Supp. 974 (D.Conn.), aff'd, 397 F.2d 977 (2d Cir. 1968), cert. denied, 393 U.S. 1050, 89 S.Ct. 689, 21 L.Ed.2d 692 (1969). In the instant case, the police officers entered the premises lawfully. The girl was in their plain sight, and they could lawfully solicit her as a witness. Relator's premises were apparently not searched, nor any evidence seized. Relator cannot validly assert that the alleged illegality of his arrest tainted the testimony voluntarily given by a third person lawfully solicited by the police.

Since relator's conviction was free of constitutional errors, the petition for writ of habeas corpus will be denied without hearing.

### ORDER

It is ordered, this 21st day of July, 1970, that the Petition of Charles Flowers for Writ of Habeas Corpus be denied without hearing.

There is no probable cause for appeal from this Order.