**UNITED STATES of America ex rel. George L. SPEARS**

v.

**Robert L. JOHNSON, Supt.**

**Civ. A. No. 71-1129.**

United States District Court, E. D. Pennsylvania.

June 15, 1971.

**1022**

John W. Packel, Defender Assoc., Philadelphia, Pa., for relator.

Arlan Specter, Dist. Atty., Mark Sendrow, Asst. Dist. Atty., Philadelphia, Pa., for respondent.

## OPINION AND ORDER

JOHN W. LORD, Jr., Chief Judge.

Relator, who is presently incarcerated in the State Correctional Institution at Graterford, Pennsylvania, has filed a petition for a writ of habeas corpus, in which he attacks his conviction for aggravated robbery on Bill of Indictment #1549, Feb. Term, 1964, Philadelphia County. Relator was tried and convicted before a judge sitting without a jury and sentenced to 7½ to 20 years.

Initially, relator filed a petition (Civil Action No. 70–2838) with this Court in October, 1970. The Commonwealth's answer to the Court's show cause order indicated that relator's allegations were under consideration by the state courts. On March 18, 1971, this Court dismissed without prejudice relator's petition for failure to exhaust his state court remedies as provided by 28 U.S.C.A. § 2254(b). This Court also noted that relator's appeal had been denied by the Superior Court of Pennsylvania on September 18, 1970. Due to the length of this delay, we ruled that if the Supreme Court did not enter a decision within 90 days, relator could resubmit his petition. On May 3, 1971, relator forwarded a letter to this Court with a copy of a notice from the Supreme Court of Pennsylvania advising relator that his petition for allocutur had been denied. Relator, therefore, requested that he be permitted to refile his petition.

On May 11, 1971, the Defender Association of Philadelphia resubmitted relator's original habeas corpus petition and accompanied it with an extensive brief. This petition, which raises many of the same issues as relator's first petition, was assigned Civil Action No. 71–1129. Since the Supreme Court of Pennsylvania rendered a decision within the 90 days, the Court will deny relator's request to resubmit petition numbered 70–2838. Instead, the Court will consider the petition, No. 71–1129, which was submitted through the Defender Association.

Relator's first contention is that he was denied due process when the Court found him guilty without giving his counsel an opportunity to address the finder of fact on the issue of guilt or innocence. Since the Court finds itself in accord with this contention, we shall limit our discussion to this one issue.

The record of the trial in this case discloses that at the close of the Commonwealth's case, the following colloquy took place:

"MR. ROSENWALD: That is the Commonwealth's case your Honor.

"THE COURT: That is all.

"MR. ROSENWALD: If your Honor, please, I request to move for adjudication with respect to the matter solely with respect to Spears, because Owen Richard Davis has pleaded guilty.

"MR. WAYNESTEIN: Would your Honor respectfully renew my application for motion of withdrawal of the juror.

"THE COURT: Motion refused and the Court finds him guilty." (N.T. trial p. 125a)

This Court agrees with the state post-conviction hearing Judge who found that the trial court prevented relator's counsel from addressing the finder of fact on the issue of guilt or innocence.

Judge Reimel, in an unreported opinion dated February 4, 1970, stated that "* * * the trial court denied petitioner's right of summation." However, in concluding that the petitioner was not denied due process, Judge Reimel went on to state "[t]his right, recognized by the Superior Court subsequent to petitioner's trial in Commonwealth v. McNair, 208 Pa.Super. 369 [222 A.2d 599] (1966), is not retroactive." It is with this last finding that this Court feels constrained to disagree.

The right to summation before a jury is a well-established legal concept which in Pennsylvania, dates back to at least 1887. Stewart v. Commonwealth, 117 Pa. 378, 11 A. 370 (1887). The Supreme Court of Pennsylvania has stated that "[a]rguments of counsel are an integral part of a jury trial. They are not mere trial trappings which a judge is at liberty to dispense with or to instruct a jury to disregard." Commonwealth v. Brown, 309 Pa. 515, 521, 164 A. 726, 728 (1933).

The Superior Court of Pennsylvania, as early as 1938, stated that "a defendant surrenders none of his substantive rights when he is tried by a judge without a jury * * * and the trial judge is required to give consideration to, and is bound by, the same legal principles as a jury." Commonwealth v. Richman, 132 Pa.Super. 529, 532, 1 A.2d 578 (1938) quoted in Commonwealth v. McNair, supra, 208 Pa.Super. at p. 371, 222 A.2d at p. 600. This principle was recently reaffirmed by the Pennsylvania Supreme Court in Commonwealth ex rel. Washington v. Maroney, 427 Pa. 599, 610, 235 A.2d 349 (1967). It is clear that, at least under Pennsylvania law, the right to summation, whether the trial is jury or nonjury, is an important substantive right. Commonwealth v. McNair, supra, 208 Pa.Super. at p. 371, 222 A.2d 599. See Commonwealth ex rel. Washington v. Maroney, supra. Since the finding of a judge in a nonjury criminal case is the equivalent to a jury verdict, this Court finds that the denial of the right to summation constitutes a denial of due process. .

Moreover, the Court finds case support for its position that the failure to allow summation in a nonjury, as well as a jury, criminal case, constitutes fundamental constitutional error requiring the granting of the writ. United States ex rel. Wilcox v. Commonwealth of Pennsylvania, 273 F.Supp. 923 (E.D. Pa.1967). In granting the writ where the trial judge, sitting without a jury, interrupted counsel's summation to announce the guilty verdict, Judge Fullam of this Court stated "[i]t can hardly be doubted that the absolute right of counsel proclaimed in Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963) includes the right to have counsel be heard in summation before verdict." United States ex rel. Wilcox v. Commonwealth of Pennsylvania, supra 273 F.Supp. at p. 924. See 38 A.L.R.2d 1396, 1404 & Later Case Service.

In the *Wilcox* case the counsel for defense had barely begun his closing speech when the trial judge interrupted him with his anouncement of the guilty verdict. Judge Fullam noted that "I am unable to perceive any meaningful difference between what occurred in this case and an outright refusal to permit counsel to make any closing argument. * * * The few spluttering comments which counsel was able to make thereafter could scarcely be expected to have any effect on the outcome, even if it be assumed that the verdict had not yet been recorded and perhaps could have been modified." Likewise, this Court finds that counsel's failure to object in this case to the finding of guilty before he had an opportunity to close would have served no useful purpose and therefore does not preclude the granting of the relief requested.

The Court further wishes to note that the foreclosing of the right to summation, whether in a jury or nonjury case, is a violation of such a fundamental right that due process is offended without regard to a showing of prejudice on

the part of the relator. While in the *Wilcox* case Judge Fullam found that the failure to allow counsel to make his summation was prejudicial to the relator, he also noted " * * * I am satisfied that due process of law includes the right to have counsel argue even the most hopeless case to the fact finder before verdict * * *." United States ex rel. Wilcox v. Commonwealth of Pennsylvania, *supra* at p. 924. Since the Court is in agreement with this statement and finds that the deprivation of this right cannot be considered harmless within the meaning of Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), we need not contemplate the efficacy of allowing counsel to make his closing speech in this particular case.