UNITED STATES of America ex rel. Robert Benjamin BROWN

v.

Alfred T. RUNDLE.

Civ. A. No. 70–47.

United States District Court, E. D. Pennsylvania.

July 27, 1971.

**1094**

Robert Benjamin Brown, in pro per.

Arlen Specter, Dist. Atty., Philadelphia County, Philadelphia, Pa., Mark Sendrow, David Richman, Asst. Dist. Attys., for respondent.

## MEMORANDUM AND ORDER

BODY, District Judge.

Before the Court is the request of Robert Benjamin Brown for a writ of habeas corpus.

Relator entered a plea of guilty on a charge of larceny of an automobile, No. 179 May Sessions 1957 in Philadelphia County. He was committed to Camp Hill on an indeterminate sentence

In May Sessions 1960 in Philadelphia County, relator was indicted on several different charges: aggravated robbery (No. 1364), playfully pointing a firearm (No. 1365), and conspiracy (No. 1367). He was also indicted, No. 406 June Sessions 1960 in Philadelphia County, on the charge of operating a motor vehicle without the consent of the owner. Relator was found guilty on all charges after a jury trial on November 15, 1960. Judge Sloane imposed sentence on January 13, 1961: ten to twenty years imprisonment on the charge of aggravated robbery and concurrent one to two year sentences on the other charges. Relator is presently confined at the State Correctional Institution at Graterford. His present petition challenges only his conviction on the charge of aggravated robbery (No. 1364).

Relator has filed two state habeas corpus petitions challenging his conviction on No. 1364. The first, filed in July 1965, alleged the following grounds for relief: conviction based on unconstitutionally seized evidence; denial of right to preliminary hearing; improper denial of his request for severance; jury returned a verdict of guilty on one of the counts in the indictment contrary to the court's directions; court improperly informed the jury it had no doubt as to relator's guilt; and denial of notes of testimony taken at Magistrate's court. Judge Spaeth denied the petition in an opinion filed on October 7, 1965. The Superior Court affirmed the order denying the petition. Commonwealth ex rel. Brown v. Myers, 207 Pa.Super. 725, 216 A.2d 95, 99 (1966).

The second petition, filed shortly thereafter, alleged the following grounds for relief: the sentence was unlawful (on No. 1365); the conviction of conspiracy was improper in that no co-conspirator was produced at trial; his juvenile record was wrongfully considered by the trial court at sentencing; denial of the right to a preliminary hearing;

he did not knowingly waive his right of appeal. Relator was granted a hearing before Judge Gold on October 24, 1966. The petition was granted to the extent of giving relator leave to appeal from his judgment of sentence nunc pro tunc but was denied with respect to relator's substantive allegations.

Relator appealed his judgment of sentence to the Superior Court contending that his sentence should be set aside because the court which imposed it considered a 1957 juvenile commitment which was ordered after a proceeding where relator was supposedly without counsel. Judgment of sentence was affirmed without opinion, Commonwealth v. Brown, 212 Pa.Super. 716, 241 A.2d 348 (1968), and the Pennsylvania Supreme Court denied relator's request for allocatur.

In his present federal habeas petition, relator alleges the following grounds as a basis for relief in this Court:

(1) Illegal arrest without a warrant

(2) Denial of right to counsel in that Judge denied counsel's exceptions regarding assignment of error and certain points for charge

(3) Inordinate delay in PCHA petition disposition

(4) His sentence is unlawful in that it is based on a prior juvenile conviction where relator did not have counsel

Since relator has filed his habeas corpus petition in this Court challenging his conviction on No. 1364, he has had pending a petition in the state courts challenging his conviction in 1957. He was granted a new trial on that indictment (No. 179 May Sessions 1957) and, on July 8, 1970, a judgment of nolle prosequi was entered.

■ *Illegal arrest without a warrant*

Relator claims that at the time of his arrest the arresting officers did not produce a warrant. He does not deny that the police officers had probable cause to make this arrest. Nor does he allege that as a result of an improper arrest, a search was made and objects obtained during that search were used against him at his trial.

■ Though relator has not exhausted his available state remedies with respect to this allegation, we will note that there is no merit to his present claim. Such a contention as he now presents is only reviewable by way of habeas corpus when the warrantless arrest can be shown to affect the fairness of the trial. Relator makes neither a showing nor an allegation to that effect here. United States ex rel. Conway v. Mazurkiewicz, Misc. No. 69–605 (E. D.Pa., Jan. 22, 1970); United States ex rel. Brink v. Claudy, 96 F.Supp. 220, 224 (W.D.Pa.1951), aff'd 194 F.2d 535 (3d Cir. 1951); cert. denied sub nom. Brink v. Commonwealth, 345 U.S. 930, 73 S.Ct. 792, 97 L.Ed. 1360 (1953). Further, an officer need not have an arrest warrant to make an arrest of a suspected felony offender so long as there is probable cause to make the arrest. Commonwealth ex rel. McNeair v. Rundle, 416 Pa. 301, 206 A.2d 329 (1965).

■ *Denial of right to counsel in that judge denied counsel's exceptions regarding assignment of error and certain points of charge*

Though relator has failed to exhaust his available state remedies on this issue, we will consider his contention on the merits. Commonwealth of Pennsylvania ex rel. Craig v. Maroney, 348 F.2d 22, 33 (3d Cir. 1965). Because there is no merit to his argument, we are compelled to deny him relief on this ground.

Relator contends that, because the trial judge refused to give some of defense counsel's requested points for charge, he has been denied his right to counsel. He equates this refusal to give certain points for charge with the denial of a right to summation, which is admittedly grounds for habeas corpus relief. United States ex rel. Spears v. Johnson, 327 F.Supp. 1021 (E.D.Pa., June 15, 1971); United States ex rel. Wilcox v. Commonwealth of Pennsylvania, 273 F. Supp. 923 (E.D.Pa.1967).

■ We do not disagree that the denial of the right to summation is a denial of due process and right to counsel which should result in the granting of relief by way of habeas corpus. We do dispute relator's contention that a judge's denial of requested points for charge is the same as the denial of the right to summation.

■ Our research discloses that the cases which discuss a judge's refusal to give certain points for charge consider this subject in a different context from that suggested by our relator. Rather than suggesting that such refusal amounts to a denial of the right to counsel or the right to summation, these cases indicate that such a denial is not reviewable on a petition for habeas corpus unless there has been a fundamental error resulting in a deprivation of due process. United States ex rel. Young v. Rundle, 308 F.Supp. 147 (E.D.Pa.1969); United States ex rel. Chase v. Rundle, 266 F.Supp. 487 (E.D.Pa.1967), cert. denied 390 U.S. 928, 88 S.Ct. 865, 19 L. Ed.2d 991 (1968); see United States ex rel. Cannon v. Maroney, 373 F.2d 908 (3d Cir. 1967). None of these cases suggest that the denial of requested points for charge involves a right to counsel issue and we do not now accept that contention. For us to agree with relator's position, we would have to agree that the denial by the trial judge of almost every request or objection of defense counsel during the course of a criminal trial would raise the constitutional issue of right to counsel. We would hence have to conclude that trial rulings and errors would almost inevitably involve a constitutional issue and be reviewable in federal court on a petition for habeas corpus: a view that is specifically at odds with the Third Circuit decision in United States ex rel. Cannon v. Maroney, supra. See also, Atwell v. State of Arkansas, 426 F.2d 912 (8th Cir. 1970); Reese v. Cardwell, 410 F.2d 1125 (6th Cir. 1969).

This is not to say that all trial rulings are immune from review on a petition

for habeas corpus. Rather, with respect to points for charge, relator must show that the judge's rulings were fundamental error resulting in a deprivation of due process of law. United States ex rel. Young v. Rundle, supra. Rather than bring to our attention specific instances where error is claimed, our relator has contented himself with the general allegation of denial of his right to counsel. On this record we cannot grant relief since we cannot know what specific rulings are the source of our relator's complaint.

■ *Inordinate delay in the disposition of a PCHA petition*

■ The inordinate delay he complains of relates to a challenge to a different conviction (1957) from the one which he challenges in his present federal petition. There is no merit to this claim as a basis for habeas corpus relief on his 1960 conviction. We note also that since the filing of this federal habeas petition, he has been granted relief in the state courts with respect to his 1957 conviction. His present claim is therefore moot.

■ *Denial of the right to be resentenced on his present (1960) conviction in the light of a prior illegal conviction*

■ The district attorney has admitted that the sentencing judge in 1961 considered a pre-sentence report which noted that relator had been committed to Camp Hill as a juvenile in 1957. He also has admitted that the judgment which led to relator's commitment in 1957 has been vacated and that the district attorney will not reprosecute the relator. Rather than admitting that relator is entitled to be resentenced on his 1960 conviction, the district attorney suggests that relator has failed to exhaust his available state remedies.

We cannot accept this position. Relator's second state habeas corpus petition specifically raised the question of the

improper consideration of his juvenile record at his sentencing on his 1960 conviction. After that claim was specifically denied and he was granted leave to appeal, nunc pro tunc, relator's main allegation on appeal concerned the improper consideration when he was sentenced after his 1960 conviction of his juvenile incarceration in 1957. The Superior Court affirmed his 1960 conviction and the Supreme Court denied the request for allocatur. Admittedly, when the appellate courts considered these claims, his 1957 conviction was not yet vacated and his state habeas corpus petitions did not specifically request resentencing as the appropriate remedy. But we do not feel that this difference is enough to justify the claim that our relator has failed to exhaust his state court remedies. We hold that our relator has exhausted his state remedies, as required as a matter of comity by 28 U.S.C. § 2254. See United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 557 n. 12 (3d Cir. 1969).

▮ "[D]ue process requires that a state prisoner be given the opportunity to bring to the attention of the sentencing court the fact that he has previously served time on an erroneous sentence; and, if he has not had this opportunity because the prior sentence was invalidated subsequent to his sentencing on the valid sentence that he is then serving, that he be given a hearing to bring this fact to the attention of the sentencing court." United States ex rel. Smith v. Rundle, 285 F.Supp. 965 (E.D.Pa.1968); United States ex rel. Olden v. Rundle, 279 F.Supp. 153 (E.D.Pa.1968); Bauers v. Yeager, 261 F.Supp. 420 (D.N.J. 1966); accord, United States ex rel. Jackson v. Myers, 374 F.2d 707, 712 (3d Cir. 1967). We feel in this case that our relator is entitled to be resentenced on his 1960 conviction, No. 1364, and to bring to the attention of the sentencing court the fact that his 1957 conviction has been vacated. Accordingly, we will grant the writ limited to relator's request for resentencing.