Commonwealth *v.* Chase, Appellant.

342

Submitted May 22, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Smith B. Gephart,* Assistant Public Defender, for appellant.

*Marion E. MacIntyre,* Deputy District Attorney, and *LeRoy S. Zimmerman,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, November 17, 1972:

On January 22, 1958, appellant, Charles R. Chase, was found guilty by a jury of the first-degree murder of his wife. The jury fixed the penalty at life imprisonment. A motion for a new trial was timely filed and subsequently denied. *Commonwealth v. Chase,* 73

Dauphin 138 (1958). No appeal was then taken from the judgment of sentence.

Appellant subsequently filed a petition for a writ of habeas corpus, which was denied by the Court of Common Pleas of Dauphin County on September 7, 1965. *Com. ex rel. Chase v. Myers,* 84 Dauphin 198 (1965). The Dauphin County Court opinion was affirmed by this Court on September 27, 1966. *Com. ex rel. Chase v. Myers,* 423 Pa. 629, 222 A. 2d 597 (1966). Appellant then pursued his petition for writ of habeas corpus in the Federal Courts. The United States District Court for the Middle District of Pennsylvania denied his petition on April 13, 1967. *United States v. Rundle,* 266 F. Supp. 487 (M.D. Pa. 1967). The Court of Appeals for the Third Circuit refused to grant a certificate of probable cause, *U. S. ex rel. Chase v. Rundle,* 3d Cir. Misc. Rec. No. 733 (1967), and the Supreme Court of the United States denied certiorari on January 25, 1968, *Chase v. Rundle,* 390 U.S. 928 (1968).

On February 26, 1968, appellant filed a Post Conviction Hearing Act[1] petition averring, inter alia, that he did not know he had the right to have counsel appointed without cost to him to take an appeal. On May 7, 1968, the Public Defender of Dauphin County was appointed to represent appellant, and a motion for a new trial was filed and argued before the Dauphin County Court. On April 27, 1970, that court rendered an opinion dismissing the motion. Appellant now appeals from the judgment of sentence.

Appellant's sole allegation is that one of the Commonwealth's chief witnesses, appellant's son, who was twelve years old at the time of trial, had been told how to testify by the district attorney before trial.

---

[1] Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1, et seq.

As evidence in support of this allegation, appellant has attached to his brief an affidavit by his son, Charles Alonzo Chase, which states:

"It is my intention to make known that during the trial of Mr. Chase, my father, I was isolated along with my two younger sisters and my mother's immediate family in a meeting room with the District Attorney who was handling the case."

"During this pre-trial conference, my sisters and I were told that we would be asked certain questions by the District Attorney and should respond with the right answers that we went over together with the rest of the family. Although my sisters were involved, a great deal depended upon my testimony because I was the eldest at age twelve."

"The testimony that I have given is true and correct to the best of my knowledge."

Appellant argues that this affidavit, when considered with his petition, entitles him to a hearing under §9 of the Post Conviction Hearing Act, 19 P.S. §1180-9. Section 9 provides: "If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer. However, the court may deny a hearing if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence submitted by the petitioner."

Appellant argues that his son's testimony was crucial to the Commonwealth's showing of the premeditation necessary to support a first-degree murder conviction. However, while it is true that the son did testify to previous threats made by appellant to his wife and a previous use of a gun to support those threats, at least three other witnesses also testified concerning appellant's previous threats to kill his wife.

Moreover, Charles Alonzo Chase's affidavit does not indicate that he committed perjury at his father's trial. It only indicates that he and the district attorney had discussed his testimony before trial and that the district attorney had told him to respond "with the right answers."

Even if true, this allegation would not entitle appellant to a new trial.

Judgment of sentence affirmed.